UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SEBASTIAN TORRES, | § | |
| | § | |
| Defendant-Movant, | § | |
| v. | § | CIVIL NO:  SA-22-CA-0584-JKP |
| | § | CRIMINAL NO:  SA-20-CR-00065-JKP |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff-Respondent. | § | |

## GOVERNMENT'S RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

Sebastian Torres pled guilty to Count One of the indictment charging him with distribution of obscene visual representations of the sexual abuse of children.  Torres now seeks to vacate his 96-month, within guideline range sentence.  Torres makes three arguments concerning ineffective assistance of counsel.  Torres claims that his attorney 1) failed to get a professional diagnosis regarding his mental health, 2) failed to request a departure from the advisory guidelines based on present mental health and 3) failed to file a sentencing memorandum making the court aware of relevant § 3553 factors.  Torres claims that this was ineffective assistance of counsel.[1]

This Court should deny Torres' motion.  To prevail on an ineffective assistance claim, a defendant must show that he was prejudiced by an attorney's deficient performance.  Torres cannot show prejudice especially since Torres' sentence was within the advisory guideline range.  Lastly, Torres does not provide any evidence of ineffectiveness.  The record is clear that Mr. Kuntz was effective and did the best he could given the behavior of his client.

---

[1] John Kuntz was Torres' retained trial attorney.  Mr. Kuntz is a San Antonio criminal defense attorney with over 20 years of experience.

**PROCEDURAL BACKGROUND**

**PROCEDURAL BACKGROUND.**

On July 10, 2019, in the Western District of Texas, San Antonio Division, Movant Sebastian

Torres was charged in a two-count indictment, charging distribution of obscene visual

representations of the sexual abuse of children, in violation of 18 U.S.C. § 1466A(a)(1) and (d)(4)

(Count One), and possession of obscene visual representations of the sexual abuse of children, in

violation of 18 U.S.C. § 1466A(b)(1), (d)(4) (Count Two).  With a written plea agreement, Torres

pled guilty to Count One.  *See* ECF No. 14.  The Court sentenced Torres to 96 months

imprisonment.  *See* ECF No. 40.

Torres did not file a direct appeal but now brings this instant motion to vacate his sentence

pursuant to Title 28, United States Code, Section 2255.

**PROCEDURAL BAR**

Usually, after a conviction and exhaustion or waiver of any right to appeal, the Court is

entitled to presume that the defendant stands fairly and finally convicted.  *United States v. Willis*,

273 F.3d 592, 595 (5th Cir. 2001) *citing United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584,

71 L.Ed.2d 816 (1982) and *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991).  A

defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional

magnitude, *Id.* at 595 *citing United States v. Shaid*, 937 F.2d at 232, and must show both "cause" for

his procedural default, and "actual prejudice" resulting from the error.  *United States v. Cervantes*,

132 F.3d 1106, 1109 (5th Cir. 1998) *citing United States v. Shaid*, 937 F.2d at 232.  Other types of

error may not be raised under section 2255 unless the Movant demonstrates that the error could not

have been raised on direct appeal and, if condoned, would result in a complete miscarriage of

justice.  *Cervantes*, 132 F.3d at 1109.  A fundamental miscarriage of justice is the extraordinary

case where a constitutional violation has probably resulted in the conviction of one who is actually

innocent.  *Murray v. Carrier*, 477 U.S. 478, 496-7, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Thus, in general, where a defendant has procedurally defaulted a claim by failing to raise it

on direct review, the claim may be raised in a motion to vacate only if the petitioner can first

demonstrate either (1) cause and prejudice, or (2) that he is actually innocent of the crime for which

he was convicted.  *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).  "Section 2255 does

not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by

direct appeal."  *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

Torres cannot show cause and prejudice in this case.  Moreover, Torres makes no claim of

actual innocence to the charge.  In an abundance of caution, and without waiving its procedural bar

arguments, the United States will substantively alternatively address the issues presented.

## STATEMENT OF FACTS

On October 31, 2019, Sebastian Torres, was communicating online with a woman with

whom he had a prior sexual relationship.  As they were chatting sexually to each other, Torres began

sharing his fantasies involving children.  During the conversation, Torres sent the woman  several

hyper-realistic computer-generated images depicting children engaged in sexually explicit conduct.

One image depicted a naked adult male performing oral sex on a naked prepubescent female who

appears to be between 6 to 8 years of age. The child is laying on her back on a child's bed located in

a child's bedroom with her legs displayed in the air and her face visible. The adult male's face is

obscured as his head is between the child's legs with his hands gripping the child's knees. Another

image depicts 3 naked adult males standing around a semi-nude female child who appears to be

approximately 2 years of age and is lying on her back on a striped blanket with her face visible. The

child is dressed only in a bib and a pair of socks. One of the males has the head of his erect penis

inserted into the child's vagina. A male to the right of the child has his erect penis over the child's

left shoulder and the child is shown to be gripping the shaft of the penis with her hand. The third

male has his erect penis positioned to the left of the child's head with the child's right hand gripping

the head of the penis.

During the online chat, after sending the images described above, along with others to the

woman, Torres began talking about his 1-year-old son and "sucking off" his son when he changed

his diaper and masturbating in front of his son.  Torres then sent the woman a video of himself

masturbating.  Torres mentioned looking for child pornography but that it was difficult to find.

San Antonio Police Department executed a search warrant at the home of Torres,

located in San Antonio, TX and seized the cell phone used by Torres to communicate with the

woman. Torres agreed to be interviewed and admitted distributing images depicting children

engaged in sexually explicit conduct to the woman.  Torres stated he was into role-playing and

fetishes. He stated that one of his fetishes is being turned on by minors or people who look

really young. He stated that part of the role-playing is to talk about things you have done

sexually to someone. When asked if any child porn would be found on his computer or phone,

Torres stated it shouldn't. Torres clarified that he sends photos to people in chat rooms but

tries to be careful not to use images of actual minors.

## SENTENCING FACTS

The Presentence Report (PSR) reflected a base offense level of 22 for Count One pursuant to

USSG § 2G2.2.  Two points were added for images that depicted a prepubescent child, pursuant to

USSG § 2G2.2(b)(2).  Another two points were added for knowingly engaging in distribution of the

images, pursuant to USSG §2G2.2(b)(3)(F).  Four points were added for material that portrays

sadistic or masochistic conduct or other depiction of violence or sexual abuse, or the exploitation of

an infant or toddler, pursuant to USSG §2G2.2(b)(4).  Lastly, another two-level enhancement was

added for use of a computer or an interactive computer service for the possession, transmission,

receipt, or distribution of the material, pursuant to USSG §2G2.2(b)(6).  After acceptance of

responsibility, the total offense level was 29.  *See* PSR, ECF no. 25, pg. 5, para. 30.  Based on

Torres's prior criminal convictions, his subtotal criminal history score was zero.  The total criminal

history score of zero established a criminal history category of I.  Based on a total offense level of

29 and a Criminal History Category of I, the advisory guideline sentencing range was 87 months to

108 months.  There was a statutorily required minimum sentence of 5 years and a statutory

maximum term was 20 years of imprisonment.  Torres was sentenced to 96 months imprisonment

for Count One.  The government dismissed Count Two pursuant to the written plea agreement.

## STATEMENT OF ISSUES

Movant Torres raises the following ineffective assistance issues: (1) failing to properly

evaluate his mental health issues prior to sentencing; (2) failing to request a variance form the

advisory guidelines based on present mental health status and (3) failing to file a sentencing

memorandum apprising the court of mitigating §3553 factors.

## APPLICABLE LAW

**Legal Standard**

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the

imposition of the sentence was in violation of the Constitution or the laws of the United States; (2)

the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in

excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral

attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Thus, § 2255

post-conviction relief is reserved for errors of constitutional dimension and other injuries that could

not have been raised on direct appeal and, if left unaddressed, would result in a complete

miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United

States v. Payne*, 99F.3d 1273, 1281 (5th Cir. 1996).

**Ineffective Assistance of Counsel**

To successfully state a claim of ineffective assistance of counsel under *Strickland*, a prisoner

must demonstrate counsel's performance was deficient and the deficient performance prejudiced his

defense. *Id*. at 687. The failure to establish either prong of the *Strickland* test requires a finding

that defense counsel's performance was indeed constitutionally effective. *Id.* at 696. In other

words, to succeed on an ineffective assistance of counsel claim, a petitioner must establish "that (1)

his counsel's performance fell below an objective standard of reasonableness, and (2) that his

counsel's deficient performance caused him prejudice." *Id*. at 402 (quoting United States v.

Grammas, 376 F.3d 433, 436 (5th Cir. 2004).

An attorney's strategic choices, usually based on information supplied by defendant and

from a thorough examination of relevant facts and law, are virtually unchallengeable. *Jones v.

Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999). Counsel is not required

to advance every nonfrivolous argument nor to investigate every conceivable matter. *Neal v. Cain*,

141 F.3d 207, 214-15 (5th Cir. 1998) (petitioner's complaints regarding counsel's failure to raise

specific defenses did not satisfy prejudice prong of *Strickland* when proposed defenses lacked

merit); *Sones* v. *Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel not deficient for failing to

pursue frivolous point); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (Sixth

Amendment does not require counsel to file meritless motions).

With respect to sentencing issues, the prisoner must establish a reasonable probability that,

but for counsel's errors with respect to sentencing matters, he would have received less time in

prison. *United States v. Grammas*, 376 F.3d 433, 436-38 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001). A petitioner demonstrates prejudice if he shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Valdez*, 973 F.3d at 402 (internal quotes omitted) (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). Finally, "judicial scrutiny of counsel's performance must be highly deferential because it is all too tempting for a defendant to second-guess counsel's assistance after . . .[an] adverse sentence, and it is all too easy for a court . . . to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 403-04 (quoting Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984).

## ARGUMENT

First Argument

Torres alleges that he received ineffective assistance of counsel from his retained defense counsel, Attorney John Kuntz. Torres claims that "counsel failed to properly evaluate [his] mental health issues and recommend the appropriate professional to provide a diagnosis or opinion of his mental health condition prior to sentencing." *See* ECF no. 49 at pg. 4. Torres continues by stating this failure led to not presenting a possible mitigation of sentencing to the court.

For the claim that Torres makes, he does not provide any facts. Torres just states that "the judge was never given the opportunity to hear this argument and therefore based his decision on inadequate facts. It would have clearly changed the outcome of the case and should be heard." ECF no. 49, pg. 6. Torres does not provide any explanation or proof that the judge would have lowered his sentence but instead just states a conclusory claim. Mere conclusory statements do not raise a constitutional issue in a habeas case. *Gonzalez v. United States*, No. A-16-CA-1164-SS; 2017 U.S. Dist. LEXIS 13337 (W.D. Tex. Jan 6, 2017) *citing Schlang v. Heard*, 691 F.2d 796, 799

7

(5th Cir. 1982). Conclusory allegations of ineffective assistance do not possess sufficient specificity to satisfy the prejudice prong of the *Strickland* test. Therefore, Torres' argument fails.

The facts also contradict Torres' claim. In his affidavit, attached as Government Attachment A, Mr. Kuntz explains that Torres was actually seen on a regular basis by two mental health professionals. One professional was a private therapist, and one was a sex offender counselor assigned to him by pre-trial services. Torres' participation in a biweekly therapy session is also noted in the PSR, *see* ECF no. 25, pg. 8, para. No. 44.

Mr. Kuntz stated, "I spoke to Sylvia Vargas with the intent of finding any possible ways to mitigate his sentence but, unfortunately, despite him 'coming a long way' (her words) during her counseling of Sebastian, there was nothing noted by her that per 18 USC § 3553. . . would result in the Judge being permitted to downward depart from the sentencing guidelines." *See* Govt. Attachment A. Also, Mr., Kuntz explains that Ms. Vargas provided a two-page letter detailing her counseling with Sebastian and that letter was provided to the Court on May 21, 2021. This was in advance of the sentencing hearing. *Id.* The Court at sentencing acknowledges this by stating:

> I received letters submitted by the defense from family and friends totaling 15 pages. I also received a letter—two-page letter, submitted by Sylvia Vargas, a licensed professional counselor and certified anger resolution therapist.

*See* Sentencing Transcript, ECF No. 47, pg. 2.

The facts are crystal clear. The Court was aware of Torres' mental status prior to sentencing. Torres fails to provide any support for his conclusory false statement that had Mr. Kuntz provided the Court with information about Torres' mental health, the Court would have mitigated the sentence. His argument fails considering the facts.

Second Argument

Torres argues that Mr. Kuntz was ineffective because he did not request a departure to the

advisory guideline sentence due to Torres' mental status.  *See* ECF No. 49, pg. 8. Again, Torres

merely makes a conclusory statement without the support of any facts.  From the previous

summation above, Torres was being seen by two different therapists, one, being a sex offender

specialist.  There is no support for Torres' false claim that a different therapist would have come to

any different conclusions or be able to obtain some unknown mitigation for the sentence. The Court

had the counselor's two-page letter.  Those are the facts.  Mr. Kuntz did ask for a downward

departure based on other factors.  At sentencing, Mr. Kuntz states the following:

> So, you know, obviously, as a defense attorney, I have to look for any
> glimmer of hope with the Court in trying to persuade you to potentially
> look at the factors that the Court is able to consider when deciding what
> sentence should be handed down to a client. Look, he admitted to this
> offense right away. He knew he had done terribly wrong. You've seen his
> girlfriend, poor thing, and what she's been through with him. As you can
> tell by my client, he's not the most emotive person in the world.  He's a
> very quiet, a very shy person. And I've dealt with him now for the last
> almost year and a half or whatever it's been, it's hard for him to even write
> these things on paper. And I agree with LeAnna, just in the time that I've
> known him that he's been in counseling, he's a much more vocal person.
> But even in saying that, he's still a very quiet person. He -- he has
> demonstrated a tremendous amount of shame to me, to his family, to his
> girlfriend. He understands what he has done is terribly, terribly wrong, and
> that there's no excuse for it whatsoever. He also understands that he was a
> police officer. And we all know, Judge, in society that people in positions
> of power, like police, are held to a different standard. And they should be.
> Whether as a lawyer, as a judge, as a priest, as a teacher or whatever it is,
> and that's the way the system works. But, also, Judge, when you're
> considering sentence, one of the things that you can also take into account
> is **whether or not the client or the defendant has already suffered any
> punishment, whether it was pretrial incarceration or whether it's
> psychological issues or anxiety and depression that someone may have
> been going through, and these are all things that -- that you, as a
> Judge, can look at**. I know that the guidelines have him at 87 months
> minimum. Obviously, that's still a lot of time for a young man like this
> who's never been in trouble. He'll have to do 85 percent of his sentence, I
> mean, barring some change in the law. **We're asking, Judge, that you
> give him what would be the minimum on the punishment range for
> this offense, which is five years, 60 months**. That is still a long, long
> time for someone like Sebastian Torres to serve in the penitentiary. We
> understand that you cannot go under that number and that's -- that's the

bottom line -- bottom end of the punishment range for him. That is still a substantial sentence, especially for someone like him, who not only has never been in trouble, but who also will go into prison with those two factors that we talked about earlier, being a former law enforcement officer and then also with the sex offender conviction. Sixty months in the penitentiary for someone like that is not going to be an easy 60 months, even if he only does just over 48 months, 50 months, whatever it works out to. I went to law school, not to math college. **But we're asking that you would find some mercy in your heart, not just for him but also for his family**. His family is a wonderful family, very normal people. This was obviously unexpected and a shock to all of them. Based upon all that you've heard, based upon what's in the presence report, based upon what you know about this individual, we're just asking, Judge -- we're not asking not to punish him. I'm sitting here saying, oh, give him probation, Judge, or something like that. He understands he's got to be punished for his offense. I mean, if you want to give him probation, go for it. But, in reality**, we're just asking for some mitigation on the actual number of months that you give him. And so if you would consider that, Judge, we'd be very grateful.**
Thank you.

*See* Sentencing Transcript, ECF No. 47, pgs. 19-21 (emphasis added).  Again, the facts show that

Mr. Kuntz did ask the Judge for a mitigation of the sentence and asked for the lowest possible

sentence of 60 months.  There was no violation of Torres' Sixth Amendment right to effective

counsel.  "[T]he Sixth Amendment entitles a criminal defendant to *reasonable*, but not *perfect*,

representation of counsel."  *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020).  This second

argument also fails.

Third Argument

Torres' final argument of ineffective assistance of counsel is that Mr. Kuntz failed to file a

sentencing memorandum apprising the court of the § 3553 factors that were relevant to his

sentencing.  *See* ECF No. 49, pg. 8.  As support for this argument Torres submits an evaluation by

Dr. Anne Rothenberg.

First, this examination was conducted on May 16, 2022.  *See* ECF No. 49-2, pg. 1.  This is

almost one year into Torres' incarceration.  This report would not show his mental status at the time

of sentencing.  This evaluation reveals Torres' current situation from a one-time visit and a battery

of questionnaires and inventories given.  Also, nowhere does it state that Dr. Rothenberg contacted

Ms. Vargas, the counselor treating Torres prior to the sentencing hearing.

Of note, Dr. Rothernberg's report had a name other than Sebastian Torres in the report.  That

name was Powell.  See ECF No. 49-2, pg. 2.  The report states that Dr. Rothernberg saw Powell for

two hours.  While this may be a simple typographical error, it is confusing and shows the report

may be based on boilerplate language and not a personal analysis of Torres.   See Doc. 49-2, p.2.

More importantly, there is no comparison to Ms. Vargas' sessions with Torres for approximately a

year and Dr. Rothernberg's two-hour session.

Mr. Kuntz states that filing a sentencing memorandum was not part of his strategy and that

there is no legal requirement to file such a memo.  *See* Govt. Attach. A.  During the sentencing, Mr.

Kuntz called Torres' current girlfriend as a witness, submitted letters of support for Torres, and

submitted Ms. Vargas' two-page letter regarding his counseling since the offense.

The Fifth Circuit held the standard for constitutionally effective assistance of counsel has

been that the Court will not find inadequate representation based merely, with the benefit of

hindsight, we disagree with counsel's strategic choices.  *Hopper v. Dretke*, 106 F.App'x 221 (5th

Cir. 2004) (*citing Green v. Johnson,* 116 F. 3d 1115, 1122 (5th Cir. 1997). A conscious strategic or

tactical trial decision is not unreasonable simply because "20/20 hindsight . . . might lead another

attorney to opt otherwise*." United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir., 1985).  "A

conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally

ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with

obvious unfairness." *Cortez v. Davis*, 683 F. App'x 292 (5th Cir. 2017) *quoting Garland v. Maggio*,

717 F.2d 199, 206 (5th Cir. 1983).  The burden is on the petitioner to show a reasonable probability

that, but for counsel's errors, the result would have been different. *Strickland,* 466 U.S. at 694.

Torres fails to meet that standard. A conscious and informed decision on trial tactics and strategy

cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that

it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th

Cir. 2003). Mr. Kuntz chose not to file a sentencing memorandum as part of his strategy. The

Court had all the information needed at sentencing to see the whole picture. This last argument also

fails.

**Summary**

This motion to vacate is frivolous. Throughout his entire motion, Torres' main concern is

the state of his mental health and how this should have been used to mitigate his sentence. Mr.

Kuntz did the best for his client under the circumstances that were created by his client. Torres

received a guideline sentence. Furthermore, Torres fails to show actual prejudice as a result of

counsel's actions since the above claims were meritless, and the failure to raise a legally meritless

claim cannot be the basis for a claim of ineffective assistance of counsel. *United States v. Mingo*,

No. 10-222, 2014 U.S. Dist. LEXIS 125977 (E.D. La. Sep. 8, 2014) *citing Smith v. Puckett*, 907

F.2d 581, 585 n.6 (5th Cir. 1990).

Torres does not meet the two-prong analysis of ineffective assistance of counsel. Torres

does not offer anything to show that, but for counsel's errors with respect to sentencing matters, he

would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 436-8 (5th

Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L.Ed.2d 604 (2001).

Torres fails to allege any facts supporting his allegations and fails to show how his trial counsel

could have achieved a more favorable result at sentencing.

**<u>Evidentiary Hearing</u>**

A *Section 2255* motion can be denied without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *28 U.S.C. § 2255(b)*. No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edward*s, 442 F.3d 258, 264 (5th Cir. 2006) *quoting United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Since Torres fails to produce any "independent indicia of the likely merit of [his] allegations," the issues presented by Torres can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary. *Id.* Basically, Movant Torres cannot show that his sentence would have been different had defense counsel proceeded in any alternate manner. He cannot show cause and prejudice to overcome his procedural fault, nor can he show defense counsel's performance was deficient. The sentence in this case was reasonable and generous. It should not be disturbed.

Wherefore all premises considered, the United States prays that Movant's Motion to Vacate, Set Aside, or Correct Sentence be in all things denied.

Respectfully Submitted,

ASHLEY C. HOFF
United State Attorney

_____/s/_____

TRACY THOMPSON
Assistant United States Attorney
TX BARNO 24107031
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7154

## CERTIFICATE OF SERVICE

This is to certify that on the **29th day of August 2022** a true and correct copy of the foregoing

Government's Response to Motion to Vacate, Set Aside or Correct Sentence was electronically filed

with the Clerk of the Court using the CM/ECF System.

Albert A. Flores
The Law Office of Albert A. Flores
3817 San Pedro
San Antonio, TX 78212

/s/
_____
TRACY THOMPSON
Assistant United States Attorney